PER CURIAM.
We reverse the trial court’s order suppressing cocaine seized from the defendant’s luggage upon holdings that (1) the undisputed evidence in this case does not' support the trial court’s finding that the temporary detention of the defendant went beyond the narrow authority given the police by United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), where the evidence shows that the police at all times diligently pursued their investigation and actually detained the defendant no more than twenty minutes; and (2) even if, arguendo, the detention of the defendant exceeded that allowed by Place, the police, independent of this detention, were possessed of all the information necessary to locate the defendant’s checked luggage to have it sniffed by one of their cocaine detecting dogs and, therefore, would have discovered this evidence without exploitation of any illegality. See State v. Ricano, 393 So.2d 1136 (Fla. 3d DCA), appeal dismissed, 402 So.2d 612 (Fla.1981); State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981).
Reversed and remanded.